———————O———————

No. 3345.

(Court of Appeal, Parish of Orleans,)

## MRS. CHARLOTTE SCHLAGER vs. ORDER OF KNIGHTS OF PYTHIAS.

When the defence to a suit on a policy of insurance is self destruction, the burden of proof is on the insurer to establish the suicide, and, when circumstantial evidence only is relied on, the defence fails, unless circumstances exclude with reasonable certainty any hypotheses of death by accident or by the act of another.

Appeal from Civil District Court, Division D.

F. B. Thomas, for Plaintiff and Appellee.

J. Zach Spearing, for Defendant and Appellant.

DUFOUR, J. This suit brought by the beneficiary of a certificate on her husband's life issued by defendant is resisted on the ground that the insured committed suicide.

93

He was found dead in his bed room with a shot gun by his side; no one was present when he met his death, and the theory of suicide rests exclusively on circumstantial evidence.

The circumstances relied on are "that when the gun was discharged the muzzle was inside of his mouth and there was a string attached to the trigger of the gun."

The first claim is a mere surmise of counsel based upon the character of the wound, and the person who first entered the room and removed the gun, found it about a foot from the head of the deceased.

The same witness did not at the time see any string tied to the trigger, but only noticed it after he had removed the gun to the hall way and it had been handled by other persons.

It was shown on the other hand that the gun was a fine one, much valued by its owner and of which he took good care, and that he always cleaned it himself after it had been used.

It had a few days before his death been used by one of his friends who had but recently returned it.

It was also shown that there was a loaded pistol under his pillow, affording an easy means of self destruction, and it would certainly seem remarkable that, instead of using it, a person should go to the trouble of getting out of bed, getting a gun, loading it and tieing a string to the trigger.

"When the defence is self destruction, the burden of proof is on the insurer to establish the suicide, and when circumstantial evinence only is relied on, the defence fails, unless the circumstances exclude with reasonable certainty any hypotheses of the death by accident or by the act of another." 46 An. 1189.

Judged by this standard, the evidence does not reasonably exclude the theory that the deceased was the victim of an accident while about to clean or to otherwise handle his gun.

"It is human experience, that the motive prompting self destruction is to be sought and usually found in domestic unhappiness, ill health, financial trouble or insanity," 46 An. 1193.

In the record before us we find no such motives.

The deceased was sound in mind, owned several pieces of real estate, had $1200 in cash and was doing a good business. His domestic life was apparently peaceful and unclouded. Although he had been off and on ailing and was not "feeling well" on the day of his death, the two physicians and other persons who testify do not intimate, even remotely, that he suffered from any physical malady or mental disturbances" of a character sufficiently marked or serious to lead him to take his own life.

The defence fails and the plaintiff must recover.

Judgment affirmed.

Filed January 25th, 1904.

Rehearing refused.